UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS W. KIDD AND LINDA A. KIDD                                              PLAINTIFFS

V.                                                            CIVIL ACTION NO. 1:06cv740-LTS-RHW

ALLSTATE INSURANCE COMPANY                                                    DEFENDANT

## ORDER

Defendant Allstate Insurance Company (Allstate) has filed a [4] Motion to Dismiss Plaintiffs' [1] Complaint under Fed. R. Civ. P. 12(b)(6).  Allstate follows a circuitous path to argue for this relief, but in doing so it ignores the standard that, in considering a motion under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the well-pleaded facts set out in the complaint, and the Court must allow all inferences favorable to the Plaintiffs.  *Lowery v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997).  Dismissal is proper only if it appears that the Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief.  *Conley v. Gibson*, 355 U.S. 41 (1957).  Indeed, Allstate draws inferences unfavorable to the Plaintiffs, attempts to pigeonhole their cause of action, and then goes so far as to suggest "that it would have no problem if this Court would dismiss this case without prejudice so as to allow the Plaintiffs (if they so chose) to file an amended pleading based upon their proffered argument of reformation."  This sounds of wastefulness and inefficiency, and is a note that something may be there after all–at least for now.

The Court is aware of the issues surrounding the distinction between claims based on the failure to procure flood insurance coverage, and claims based on the administration or adjustment of claims under existing flood insurance policies.  *See, e.g., Catchot v. Felsher and Nationwide Insurance Co.*, Civil Action No. 1:06cv677 (separate Memorandum Opinion and Order entered Nov. 14, 2006).  The instant Plaintiffs' claim concerning the failure to have contents coverage under their flood policy presents interesting questions, but none that can be resolved on a motion to dismiss.  Unfortunately, as in a surprising number of cases, the Court does not even have before it a copy of the subject flood policy issued to Plaintiffs.  It is just one missing piece of the puzzle, however.  A complete factual development of the record is necessary for the Court to reach an informed decision.  Meanwhile, Allstate's motion is not well taken.

Accordingly, **IT IS ORDERED**:

Defendant Allstate's [4] Motion to Dismiss is **DENIED**.

**SO ORDERED** this the 21st day of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge
